UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK          CASE No.: 14-cv-3162 (KAM)(VMS)
-----------------------------------------------------------------

GLEN RAMIREZ

            Plaintiff,                    2nd AMENDED COMPLAINT

    -against-                                  PLAINTIFF(S) DEMAND
                                                                        TRIAL BY JURY

THE CITY OF NEW YORK,
P.O. MATTHEW MIKOWSKI (Sh. #: 886),
P.O. MICHAEL TAGGERT (Sh. #: 2110),
P.O. "JANE DOE" AND
"JOHN DOE" 1-10.

1'through'10 inclusive,
the names of the last defendants
being fictitious, the true names
of the defendants being unknown
to the plaintiff(s).

            Defendant(s)

-----------------------------------------------------------------

Plaintiff, GLEN RAMIREZ, by his attorney, Paul Hale Esq., complaining of the defendants, The City of New York, Police Officers "John" and "Jane" Doe), collectively referred to as the Defendants, upon information and belief alleges as follows:

### NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §

    1983, § 1988 [and § 1985], [and arising under the law and statutes of the State of New York].

2.  This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff.

## JURISDICTION

3.  The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourth, Fifth, Eighth and Fourteenth Amendment to the Constitution of the United States.

4.  All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5.  As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff GLEN RAMIREZ is 22 years old, resides in New York and is a resident of the State of New York.

7. P.O. MATTHEW MIKOWSKI (Sh. #: 886) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

6. P.O. MICHAEL TAGGERT (Sh. #: 2110) at all times relevant to this action was a police officer with the City of New York Police Department and acting under color of state law. He is being sued in both their individual and official capacity.

7. Defendants Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. The Defendant, City of New York is a municipality in the State of New York and employs the Defendants Police Officers.

9. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

10. On or about 6/24/2011 plaintiff GLEN RAMIREZ was visiting a friend in a New York City Public Housing building located at 2832 W. 23rd St in Brooklyn, NY.

11. While leaving his friend's apartment MR. RAMIREZ was stopped by two plain clothes New York City Police Officers. Upon information and belief, one of these officers was named MIKOWSKI and had a shield number of 03925. This information has been

ascertained by a search of the Kings County Clerk's Office of the Criminal Court of Kings County.[1] There was another plain clothes officer involved in MR. RAMIREZ's arrest but his identity is unknown and is being named as a JOHN DOE officer.

12. MR. RAMIREZ told the officers he was leaving a friend's house in the building and gave them the address. MR. RAMIREZ also proffered his New York State identification card.

13. Despite giving the officers all of his information, including who he was visiting with permission, he was placed under arrest for trespassing.

14. MR. RAMIREZ was then transported to P.S.A. 1 station house. He was held at the station house for approximately 24 hours.

15. MR. RAMIREZ was then transported to Kings County Central booking where he was held for approximately another 48 hours. UNKNOWN OFFICERS are responsible for his extended imprisonment at central booking. They are also being named as JOHN DOE offciers.

16. Eventually MR. RAMIREZ was released on his own recognizance after seeing a judge. MR. RAMIREZ made two subsequent court appearances before he received an ACD and all charges were eventually dropped.

17. At no time did MR. RAMIREZ commit any crime. At no time did the police have probable cause to arrest MR. RAMIREZ. MR. RAMIREZ was in the apartment building with permission from his friend at all times. MR. RAMIREZ's friend had lived at the above premises his entire life and had given MR. RAMIREZ's express permission to be in the building by inviting him to his home.

---

[1] Upon investigation into the Shield Number 03925, four other officers have had their names attached to the shield number; their last names are Martinez, McFaden, Rodriguez and Catron. However, "Mikowski" was attached to the arrest in the Kings County Clark's database.

18. At no time did plaintiff commit any offense against the laws of New York City and or State for which an arrest may be lawfully made.

19. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish and unwarranted severe anger bouts some or all of which may be permanent. Plaintiff has sought treatment for these injuries.

20. The unlawful arrest of plaintiff, plaintiff's wrongful imprisonment because of defendants' knowledge of a lack of any legitimate cause or justification, were intentional, malicious, reckless and in bad faith.

21. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer, mental anguish, repetitive injury, psychological and emotional distress, and physical pain and suffering, some or all of which may be permanent.

22. As a direct and proximate result of his unlawful detention, assault, confinement, Plaintiff has lived in terror of their attack, and continues to suffer from nightmares, are fearful of going outside and when he sees the police, and suffer various emotional attacks, in addition, and have been unable to function normally which has caused a severe strain and breakdown in his personal relationships, in and outside of his home.

23. As a direct and proximate result of defendant's actions, plaintiff was arrested, detained without just or probable cause.

24. As a direct and proximate result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

25. The actions of defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in his person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

26. By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

## AS A FIRST CAUSE OF ACTION:
## 42 U.S.C Section 1983-against all Defendants.

27. Plaintiff hereby restates all paragraphs above of this complaint, as though fully set forth below.

28. By detaining and imprisoning plaintiff, without justification, probable cause or reasonable suspicion, using excessive force, and assaulting him, the Officers, Defendants deprived Plaintiff of rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

29. In addition, the Defendants conspired among themselves to deprive plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

30. The Defendant acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Said acts by the Defendants Officers were beyond the scope of their jurisdiction, without

authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

31. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Excessive force imposed upon him;

    E. Summary punishment imposed upon him;

    F. Denied equal protection under the law; and

    G. Denial of medical services.

32. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages herein before stated.

### AS A SECOND CAUSE OF ACTION:
**Failure To Intervene - Fourth Amendment - 42 U.S.C. S 1983**

33. Members of the NYPD have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the NYPD or other law enforcement agency employing unjustified and excessive force against a civilian.

34. The officer defendants were present for the above-described incident and witnessed other defendants actions.

35. The officer defendants' use of force against plaintiffs was unjustified under the circumstances yet

the officer defendants failed to take any action or make any effort to intervene, halt or protect plaintiffs from being subjected to their actions by other officer defendants.

36. The officer defendants' violations of plaintiffs' constitutional rights by failing to intervene in other defendants' clearly unconstitutional actions resulted in the injuries and damages set forth above.

**AS A THIRD CAUSE OF ACTION:**
*Monell* **claim**[2]

37. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

38. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

39. An actionable claim under Section 1983 against a county or municipality depends on a harm stemming from the municipality's "policy and custom". Monell v. Department of Social Services, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611 (1978), and a cause of action against a municipality does not necessarily accrue upon the occurrence of a harmful act, but only later when it is clear, or should have been clear, that the harmful act is the consequences of a county "policy or custom." Pinaud v. County of Suffolk, 52 F.3d 1139 (2nd Cir. 1995).

40. A municipal policy or custom for purposes of Monell liability can be established one of

---

[2] *Monell v. City of New York Department of Social Services,* 436 U.S. 658

four ways: (1) alleging a formal policy officially endorsed by the municipality; (2) alleging actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) alleging a practice so consistent and widespread that it constitutes a custom or usage sufficient to impute constructive knowledge of the practice to policymaking officials; or (4) alleging a failure by policymakers to train or supervise subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees. Bennerson v. City of N.Y.. Dep't of COTL, NO. 02 Civ. 10182 (RWS), 2004 U.S. Dist. LEXIS 7241, at * 11—12 (S.D.N.Y. April 28, 2004).

41. New York City has quietly reached settlements with several plaintiffs in a federal class-action lawsuit alleging that the city's trespassing-enforcement policies in public housing complexes are discriminatory and unlawful, lawyers and others said this week. (10-CV-0699 (SAS))

42. Of the 16 claimants originally named in the lawsuit, which was filed in January 2010, nine have agreed to settle, according to court papers, city officials and lawyers involved in the case. The city made its offers in October and December and is in the process of paying a total of slightly more than $170,000, with individual payments ranging from $5,000 to $75,000, said a spokesman for the comptroller's office.

43. On June 8, the Police Department put new public safety initiatives into effect for public housing, an effort that began a year earlier partly in response to concerns raised by the Civilian Complaint Review Board. Specifically, police officials revamped the rules for floor-to-floor sweeps of high-rises to make clear that officers could not temporarily detain someone suspected of trespassing unless the officer reasonably believed the person should not be there. The department also developed new training for officers,

focusing on the legal standard for taking police action.[3]

44. There was an unconstitutionally policy in place during the time of Mr. Ramirez's arrest.  This policy directly led to Mr. Ramirez's unconstitutional arrest.

**WHEREFORE,** plaintiff respectfully requests judgment against the Defendants as follows:

I. On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

II. On the Second Cause of Action, against all Defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the Officers Defendants in an amount to be determined at trial;

III. On the Third Cause of Action,  against all Defendants, compensatory damages in an amount to be determined at trial, punitive damages against the Defendants in an amount to be determined at trial; and

IV. Such other and further relief as this Court may deem necessary in the interest of justice.

Dated:  2/12/2015
Brooklyn, New York

                                            Respectfully Submitted,

                                            /s/
                                  By:   Paul Hale, Esq
                                       26 Court St. Ste 913
                                       Brooklyn, NY 11242
                                       (718) 554-7344

---

[3]  Policing in Public Housing Leads City to Pay Some Plaintiffs (Al Baker and Joseph Goldstein) Published: March 4, 2011 New York Times, http://www.nytimes.com/2011/03/05/nyregion/05settle.html?_r=0